THE ORDINARY FOR USE OF E. H. WORRILL, plaintiff in error, *vs.* HOLLAND ADAMS *et al.,* defendants in error.

Under the provisions of the Act of 1870, requiring taxes to be paid on all debts or contracts made prior to the 1st of June, 1865:
*Held,* That if the debt was not solvent, or of doubtful solvency, and the plaintiff makes an affidavit to that effect, it is sufficient to enable him to maintain his action in the Courts upon such debt or contract under the provisions of that Act.

Relief Act of 1870. Before Judge HARRALL. Stewart Superior Court. April Term, 1871.

In December, 1869, the Ordinary of said county, for the use of Worrill, sued Holland Adams *et al.*, and their securities, averring as follows : On the 8th of January, 1865, said defendants made and delivered to said Ordinary their bond, conditioned that said Holland Adams and Charles B. Adams would properly administer the estate of Samuel Adams, deceased,   They broke said bond in this : On the 1st of January, 1866, said administrators received, as the assets of Samuel Adams, one hundred and fifty bales of cotton, sold it for $15,000 00, and on the 9th of November, 1866, they sold other personalty of said intestate for $5,000 00 cash, and wasted said sums of money by applying the same to their own use, on said days, respectively.   On the 1st of September, 1866, Worrill sued said administrators, as such, and on the 25th of April, 1867, had judgment against them for $1,995 35 principal, $600 61 interest, and $16 00 for costs, to be made of intestate's goods in their hands.   *Fi. fa.* was issued, and on the 16th of November, 1869, the sheriff returned thereon *nulla bona.*   On the 11th of April, 1871, Worrill filed in the Clerk's office an affidavit, in substance as follows: Said intestate owed him a promissory note, given in 1862, for over $1,900 00, in renewal of a debt originating in 1858; that he, Worrill, had duly paid all legal taxes chargeable by law on said debt, each and every year since the making thereof, *i. e.*, up to 1865, in which year no tax was assessed; in 1866 and 1867, he gave in said debt at what he considered then its market value, to-wit : $1,000 00, and paid the tax.   Since 1867 he paid no tax on it, because he verily believed it had ceased to have any market value, and was no longer a solvent debt; that after the Atlanta Convention and Relief Act of 1868, the debt had no market value, and he considered it insolvent, and did not give it in, because, *bona fide*, and without design to defraud the State, he thought it not taxable.   When the cause came up for hearing, said affidavit was demurred to as insufficient, under the Relief Act of 13th October, 1870.   The Court held the

affidavit insufficient, and, under said Act, dismissed said case. This is assigned as error.   1st.  Because all taxes due on said paper were paid, as shown by said affidavit; because only solvent debts are taxable, and the creditor is judge of solvency in giving in for taxation.   2d.  Because said Act of 13th October, 1870, is unconstitutional and void, and because the Court erred in dismissing said action under said Act.

B. S. WORRILL; E. G. RAIFORD; E. H. WORRILL, for plaintiff in error.

BEALL & TUCKER; M. GILLIS, by H. FIELDER, for defendant.

WARNER, Judge.

This was an action brought by the plaintiff on an administrator's bond, dated 8th of January, 1865, to recover the amount of a debt reduced to judgment, against the intestate, Samuel Adams, alleging that the administrators of Adams had wasted his estate.   The original debt on which the judgment was obtained, was contracted in 1858, and was renewed several times.   The amount due on it at the time it was reduced to judgment, in April, 1867, was about $2,-600 00.   The plaintiff filed his affidavit, under the provisions of the Act of 1870, in which he stated that he had paid all legal taxes chargeable by law on said debt, up to the year 1865, in which year no tax was assessed thereon; that in 1866, and 1867, he gave in said debt at what he believed to be its market value, to-wit: $1,000 00, and paid the tax thereon ; that since 1867, he had not given in and paid tax on the debt, because it was no longer a *solvent* debt, and ceased to have any market value whatever.   On motion of defendant's counsel, the Court dismissed the plaintiff's action on the ground that the affidavit of the plaintiff was not a compliance with the requirements of the Act of 1870.   Whereupon,

the plaintiff excepted. If I believed the Act of 13th of October, 1870, to be a valid, constitutional Act, I should hold that the taxes on *all debts* contracted prior to the 1st of June, 1865, or on contracts in renewal thereof, should be regularly given in and paid, on all such debts, whether solvent or not, as a *condition precedent*, to entitle the plaintiff to recover on the same, in the Courts. That such was the clear and manifest *intention* of the Legislature, there can be no doubt. It is entitled "an Act to extend the lien of set-off and recoupment, as against debts contracted before the first day of June, 1865, and to deny to such debts the aid of the Courts, *until the taxes thereon have been paid.*" The third section of the Act declares, that "In suits upon such contracts, in *every case*, the burden of proof showing that the taxes have been duly paid, shall be upon the party plaintiff, without plea by the defendant." The fourth section of the Act declares, that "In *every trial* upon a suit founded upon such debt or contract, as described in this Act: *Provided*, that said debt has been *regularly given in for taxes and the taxes paid*, it shall be a condition precedent to recovery on the same, and in *every such case*, if the tribunal trying is not clearly satisfied that said taxes *have been duly given in and paid*, it shall so find, and said suit shall be dismissed." In view of the condition of the people of the State, and the *status* of this particular class of debts, at the time of the passage of this Act, it can not be reasonably supposed that any member of the Legislature was so *stupid* as to have intended that it should be an Act to increase the *revenue* of the State. The object and intention of the Act, as is *patent* upon its face, was to hinder, obstruct and prevent the collection of all debts contracted prior to the first of June, 1865, and those in renewal thereof; and for the accomplishment of *that purpose*, the aid of the Courts of the State is *denied* to the holders and owners of such debts, unless they shall make affidavit that said debts have been *regularly* given in for taxes and the taxes paid. That, the fourth section of the Act declares, shall be a *condi-*

*tion precedent* to their right to recover on the same. The Act makes *no exception* as to the solvency or insolvency of the debts, but embraces *all suits* founded upon *any debt* made or contracted before the first of June, 1865, or in renewal thereof. The plaintiff in this case, like all other honest tax-payers in the State, did not regularly, each year, give in and pay tax on his debt, because he did not honestly believe it was a *solvent debt* when he gave in his taxable property, under oath; yet, the Act requires him to make an affidavit that this debt has been *regularly* given in for taxes, and the taxes paid on it, as a *condition precedent* to his right to maintain a suit on it in the Courts of the State. Because, as an honest, conscientous tax-payer, he could not swear it was *a solvent* debt when he gave in his taxes, in 1868, 1869 and 1870, and therefore, in the words of the Act, he has not *regularly* given it in for taxes, and *regularly* paid the taxes on it, and, inasmuch as he cannot make the affidavit that he has done so, the Act *outlaws* him from the Courts of the State, as was most clearly the *intention* of the Legislature to do, in regard to that class of contracts specified in the Act. If, in my judgment, this was a valid, constitutional Act, I would affirm the judgment of the Court below in this case. But as I believe it to be an *unconstitutional* and *void* Act, I concur in the judgment of this Court, reversing the judgment of the Court below.

Judgment reversed.